# United States Court of Appeals
### For The District of Columbia Circuit
_____

**No. 22-1271**                                              **September Term, 2022**

EPA-87FR60816

**Filed On: March 10, 2023**

United States Sugar Corporation,

      Petitioner

    v.

Environmental Protection Agency,

      Respondent

------------------------------

Sierra Club,
      Intervenor

------------------------------

Consolidated with 22-1302, 22-1303

**BEFORE:** Pillard*, Childs, and Pan, Circuit Judges

## O R D E R

Upon consideration of the motion for stay, the responses thereto, and the replies; the motion to sever issues and hold them in abeyance, the responses thereto, and the replies; and the notice of clarification filed on February 9, 2023, it is

**ORDERED** that the motion for stay be granted, and that the effective date of the final rule on review is hereby stayed, insofar as the rule purports to apply its hydrogen chloride limit for new solid-fuel boilers, rather than its limit for existing solid-fuel boilers, to petitioner United States Sugar Corporation's Boiler 9 at its facility in Clewiston, Florida. Petitioner has satisfied the stringent requirements for a stay pending court

---

\*  Circuit Judge Pillard would deny the motion for stay.

### United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-1271**                                                        **September Term, 2022**

review.  See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021).  It is

**FURTHER ORDERED** that the following issues raised by the Environmental Petitioners in No. 22-1303 be severed, assigned a separate docket number, No. 23-1060, captioned California Communities Against Toxics v. Environmental Protection Agency, and held in abeyance:

> (1) whether EPA violated the Clean Air Act by refusing to set limits for listed hazardous air pollutants that Boilers emit; [and]
>
> (2) whether EPA violated the Clean Air Act or acted arbitrarily by treating carbon monoxide as a surrogate for all of the organic hazardous air pollutants that Boilers emit, other than dioxins.

The parties in No. 23-1060 are directed to file motions to govern further proceedings within 30 days of the Environmental Protection Agency's resolution of the Environmental Petitioners' petition for administrative reconsideration of the final rule.  It is

**FURTHER ORDERED**, on the court's own motion, that the parties in consolidated cases No. 22-1271, 22-1302, and 22-1303 submit within 30 days of the date of this order proposed formats for the briefing of these cases.  The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief.  Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment.  Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

**Per Curiam**

                                **FOR THE COURT:**
                                Mark J. Langer, Clerk

                BY:    /s/
                           Scott H. Atchue
                           Deputy Clerk