# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-1271**                                           **September Term, 2022**

EPA-87FR60816

**Filed On: June 20, 2023**

United States Sugar Corporation,

       Petitioner

    v.

Environmental Protection Agency,

       Respondent

------------------------------

Sierra Club,
       Intervenor

------------------------------

Consolidated with 22-1302, 22-1303


    **BEFORE:**  Henderson, Walker, and Garcia, Circuit Judges

### O R D E R

Upon consideration of the joint unopposed motion to sever and hold in abeyance, and the joint proposed format for briefing, it is

**ORDERED** that the motion to sever and hold in abeyance be granted, and that the following issue raised by the petitioners in No. 22-1302 be severed, assigned a separate docket number, No. 23-1156, captioned <u>American Forest & Paper Association v. Environmental Protection Agency</u>, and held in abeyance: Whether the compliance testing requirements in Table 7 of the final rule are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  The parties in No. 23-1156 are directed to file status reports within 90 days of the date of this order, and every 90 days thereafter.  The parties are further directed to submit motions to govern further proceedings in No. 23-1156 within 30 days of the conclusion of their efforts to amicably resolve this issue.  It is

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-1271**                                              September Term, 2022

    **FURTHER ORDERED** that the following briefing schedule and format apply in these consolidated cases:

| | |
|---|---|
| Brief of Industry Petitioners<br>(not to exceed 13,000 words) | June 26, 2023 |
| Brief of Environmental Petitioners<br>(not to exceed 13,000 words) | June 26, 2023 |
| Respondent's Brief<br>(not to exceed 26,000 words) | September 11, 2023 |
| Brief of Industry Respondent-Intervenors<br>(not to exceed 4,550 words) | October 2, 2023 |
| Brief of Respondent-Intervenor<br>Sierra Club<br>(not to exceed 4,550 words) | October 2, 2023 |
| Reply Brief of Industry Petitioners<br>(not to exceed 6,500 words) | November 1, 2023 |
| Reply Brief of Environmental Petitioners<br>(not to exceed 6,500 words) | November 1, 2023 |
| Joint Deferred Appendix | November 20, 2023 |
| Final Briefs | December 7, 2023 |

    The parties will be informed later of the date of oral argument and the composition of the merits panel.

    The court reminds the parties that

    In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-1271**                                                    **September Term, 2022**

from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening briefs.  The court ordinarily will not consider issues and arguments raised for the first time in the reply briefs.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                            **FOR THE COURT:**
                                            Mark J. Langer, Clerk

                            BY:     /s/
                                            Laura M. Morgan
                                            Deputy Clerk